**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROBERT A SUMNER, JR.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br>**UNITED STATES ATTORNEY GENERAL,**<br>**SOUTHERN DISTRICT OF ILLINOIS,**<br>**ATT FIRST NET, and**<br>**TWENTIETH CIRCUIT ALDERMAN OF ST. CLAIR COUNTY,**<br><br>**Defendants.** | **Case No. 26-cv-01122-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Robert Sumner, an individual in custody at the St. Clair County Jail, commenced this civil action pursuant to 42 U.S.C. §1983 and the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680. The Court has reviewed the Complaint pursuant to 28 U.S.C. §1915A and finds that Plaintiff has failed to state a claim.

The allegations in the Complaint are hard to follow, but from what the Court can discern, Plaintiff alleges a variety of conspiracies that have resulted in violations of his constitutional rights. First, Plaintiff describes misconduct by St. Clair County government employees and upper-level officials. (Doc. 1, p. 13). He states that clerks within the Illinois Twentieth Judicial Circuit Court modify records and throw away pro se motions, and that judges, public defenders, and prosecutors do not "honor any motions at all." (*Id.*). Plaintiff asserts that judges in St. Clair County tried to steal his property by directing the recorder of deeds to record four different deeds for the address

1413 Third Avenue, Fairview Heights, Illinois, which is Plaintiff's house. (*Id.*). Also, in an attempt to steal his property, Plaintiff alleges that County Board Member Ken Sharkey, State's Attorney James Gomric, and County Assessor Judy Gomric conspired to have three confidential informants entrap him with drugs while he is being held at the St. Clair County Jail. (Doc. 1, p. 11). He also claims that confidential informants were sent to murder him. (*Id.*). Plaintiff describes how Ken Sharkey, James Gomric, and Judy Gomric used:

> [T]he Fire House and AT&T First Net combined with St. Clair County Towers to track and stalk residents who have high value real estate listening illegally stealing money from the ill gotten access to people phones laundering the money through commissary sales of the county jail then use said money to buy real estate through investor real estate.

(*Id.* at p. 9). He claims that a public defender, named Greg Nestor, helps in this scheme by "railroading defendants." (*Id.*).

Plaintiff also alleges that the courts in St. Clair County run court proceedings like a business. (Doc. 1, p. 11). He asserts that the courts "jack up the prices at the commissary to increase revenue while starving the residents" at the St. Clair County Jail to coerce the inmates into pleading guilty so that they will quickly transfer into IDOC custody and receive adequate food. (*Id.*). He states that he is only given three sheets of paper and one envelope per week and that he does not receive two free calls every Sunday in accordance with Illinois law. (*Id.* at p. 9, 11). He argues that the lack of paper and telephone calls violates his First Amendment rights by hindering his ability to communicate with family and lawyers, locate jobs, and file cases. (*Id.* at p. 11).

Plaintiff states that for over a decade, Judge Sara Rice, Sheriff Deputy Anderson, and the public defenders have induced defendants into waiving preliminary hearings. (Doc. 1, p. 7). He claims he was falsely told by Judge Rice that if he waived his preliminary hearing then he would "go home." (*Id.* at p. 10). Plaintiff complains that the public defenders in St. Clair County railroad

defendants and that they do not answer when defendants try to contact them. (*Id.* at p. 10).

Second, Plaintiff takes issue with the processing of his federal civil cases. Plaintiff has attempted to challenge the unlawful conduct by St. Clair County government employees and officials in the Southern District of Illinois. He is unhappy that case No. 26-cv-0075-JPG, initiated by himself and eight other current and former detainees of St. Clair County Jail, was severed into separate lawsuits by United States District Judge Gilbert. *See Hatcher v. Grimes,* Case No. 26-cv-0075-JPG, Doc. 4 (S.D. Ill. June 5, 2026). Subsequently, his claims in the newly severed case were wrongfully dismissed for failure to state a claim. *See Sumner v. Grimes,* Case No. 26-00798-JPG, Doc. 28 (S.D. Ill. Aug. 21, 2026). He states that Judge Gilbert failed to impeach the Twentieth Judicial Circuit and disbar the public defender's office. (Doc. 1, p. 12). Plaintiff alleges that the Clerk's Office for the Southern District of Illinois refused to send him copies of case No. 25-cv-02090-NJR and file hand-written prisoner complaints. (*Id.* at p. 13). He states that he wrote to the Clerk's Office several times to inform them that his address had changed and he was now in custody at the St. Clair County Jail. According to Plaintiff, the Clerk's Office did not update his address on the docket resulting in the dismissal of case No. 25-cv-02090-NJR. (*Id.*). Plaintiff believes that the U.S. Attorney General should be supervising the Southern District of Illinois. (*Id.* at p. 8).

Plaintiff requests: (1) a federal investigation to be performed of the Illinois Twentieth Judicial Circuit; (2) replacement of the attorneys employed by the public defender's office; (3) the honoring of handwritten Section 1983 complaints; (3) the immediate dismissal of criminal charges pending over one hundred and twenty days; (4) class certification; and (4) impeachment of various individuals from office. (Doc. 1, p. 14).

There are several problems with Plaintiff's Complaint. First, the Court finds that Plaintiff

has failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). It also requires each allegation to "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of the Rule is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The facts in the Complaint are disjointed, and at times, illegible, incoherent, untrue,[1] and conclusory. Plaintiff's "lack of organization and basic coherence renders [the] complaint too confusing to determine the facts that constitute the alleged wrongful conduct" against each named Defendant. *Stanard*, 658 F.3d at 797. Thus, dismissal under Rule 8 is appropriate.

Second, Plaintiff seeks relief that this Court cannot grant. Plaintiff appears to only be seeking various forms of injunctive relief. (Doc. 1, p. 7, 14). The Court cannot grant injunctive relief under FTCA or Section 1983, the statutes referenced in the Complaint. *See* 28 U.S.C. § 1346(b) (suit must be against United States itself for money damages). Additionally, it is well-settled that federal courts cannot enjoin state court proceedings, *Younger v. Harris,* 401 U.S. 37, 41 (1971), "investigate, or require someone else to investigate," *Harris v. City of Milwaukee*, No. 17-cv-1003-pp, 2018 WL 4100533, at *3 (E.D. Wisc. Aug. 28, 2018), or impeach or "otherwise discipline state-court judges," *La Scalia v. Driscoll*, No. 1 O-CV -5007 SLT CLP, 2012 WL 1041456 (E.D.N.Y. Mar. 26, 2012), at at *8 (E.D.N.Y. Mar. 26, 2012). *See also Martin v.*

[1] For example, Plaintiff claims that case No. 25-cv-02090-NJR was dismissed when the Clerk's Office for the Southern District of Illinois refused to update his address. (Doc. 1, p. 13). This is incorrect. A review of the docket shows that Plaintiff's case was dismissed on April 7, 2026, when he failed submit an amended complaint by the deadline set by the Court. *Sumner v. French Village Fire Dep't,* No. 25-cv-02090-NJR, Doc. 26 (S.D. Ill. Apr. 7, 2026). As of May 21, 2026, when Plaintiff filed his amended complaint, over a month after the deadline had expired, the address Plaintiff listed was still the residential address listed on the docket. *Id.* at Doc. 27. Plaintiff did not start filing documents with the address for the St. Clair County Jail until June 2026. *Id.* at p. Doc. 28.

*Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004) ("Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another."). Therefore, the Court cannot order the impeachment or investigation of the judges within the Illinois Twentieth Judicial Circuit or direct the judges to process cases in a certain manner as requested. (Doc. 1, p. 14). Nor does the Court have the authority to sanction an indefinite number of unidentified state public defendants who have never engaged in misconduct before this Court. (*Id.*).

The Court also notes, to the extent Plaintiff is challenging his underlying conviction (*see* Doc. 1, p. 5), he cannot do so by filing a civil complaint pursuant to Section 1983. The Supreme Court has stated that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release…" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Furthermore, it is not within the power of this Court to review final orders of another district judge in Plaintiff's other federal civil cases. The remedy for challenging an adverse decision from a district judge is to appeal. If unsatisfied with the action of the appellate court, a litigant may seek further review from the Supreme Court.

As detailed above, the Complaint is indecipherable, making it too difficult for the Defendants to file a responsive pleading, and Plaintiff seeks relief that the Court is not empowered to grant. The Complaint, therefore, fails to state a claim for which relief may be granted and is dismissed. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here. Plaintiff has brought similar allegations in

his other civil cases and been instructed on how to plead a colorable claim in federal court. *See Sumner v. French Village Fire Department,* No. 25-cv-00692-SMY (S.D. Ill.) (judgment entered Nov. 13, 2025); *Sumner v. French Village Fire Department,* No. 25-cv-02090-NJR (S.D. Ill.) (judgment entered April 7, 2026); *Sumner v. Grimes,* No. 26-cv-00798-JPG (S.D. Ill.) (complaint dismissed with leave to amend Aug. 21, 2026). Despite these instructions, Plaintiff's filings remain meandering and difficult to follow. (*See* Doc. 9). It is clear that any further amendment would be unsuccessful. The dismissal of this case will be with prejudice and without leave to amend.

## DISPOSITION

For the reasons set forth above, the Complaint fails to state a claim on which the Court can grant relief, and the Complaint and this entire case are **DISMISSED with prejudice**. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The Motion for Emergency Injunctive Relief is **DENIED as moot.** (Doc. 10).

The second Motion for Leave to Proceed in forma pauperis is **DENIED a moot**. (Doc. 9). Plaintiff's first Motion for Leave to Proceed in forma pauperis was previously granted on October 1, 2026. (Doc. 8). Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each

of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 6, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**